## SUPREME COURT.

### EMMA L. UNDERHILL agt. SAMUEL G. TRIPP and others.

*Construction of clauses in a will.—Personal property* may be bequeathed *for life,* and then over, either absolutely or contingently.

A bequest by the testator to his daughter of $1,000, and then declares that this bequest is given to make his daughter equal with his other children who had been advanced; and after a residuary devise of all the residue of his real and personal estate, he says the bequest (of $1,000) which he has given to his said daughter, "she is to have and to hold during the term of her *natural life,* and at her decease is to be equally divided among her children,"

*Held,* that this last clause cut down the legacy of the daughter to a *life estate* or *usufructuary interest*; and that her *children* would take as *purchasers* on her death.

*Dutchess Special Term, January,* 1861.

AN action involving the construction of a will.

EMOTT, Justice. If this will and codicil contained an absolute bequest of one thousand dollars to the plaintiff in perpetuity, any directions or limitations inconsistent with such ownership would be void. This is the doctrine of numerous cases, among which are *Bradley* agt. *Peixotto,* (3 *Ves.,* 324,) and *Newton* agt. *Reid,* (4 *Sim.,* 141.) So if there were an absolute bequest in one part of the will, and an imperfectly expressed intention in a subsequent part that the legatee should take for life only, the plain language will not be cut down by the uncertain words in the residue.

This is the doctrine announced by the vice-chancellor of England, in *Billing* agt. *Billing*, (5 *Sim.*, 232.)

At the same time the whole will must be taken together, and all of it upheld if possible. Neither of the classes of cases just cited are applicable here, because the testator not only manifestly intended, but has clearly expressed his intention, that the legacy to the plaintiff should be for life only. I speak from the will only, and without referring to the codicil, which certainly could not cut down this bequest, if it were absolute and entire to the legatee by the will, although it may be referred to upon the question of construction and intention. But the will gives to the plaintiff $300 to buy furniture, which bequest she is to have and to hold absolutely at her own disposal. After certain specific bequests, in similar terms, to other relatives, the testator proceeds to say : " also I give and bequeath to my daughter, Emma L. Underhill, the farther sum of one thousand dollars." He then gives, in similar terms, a like sum to another daughter, and declares that these bequests are given to make these daughters equal with his other children who had been advanced. Then follows a residuary devise, of all his remaining real and personal property, to all his children, naming them and including the plaintiff, " to be equally divided among them, share and share alike." The next sentence is that upon which the present controversy turns : " the bequests which I have given to my daughter, Emma L. Underhill, excepting the three hundred dollars to buy furniture, she is to have and to hold during the term of her natural life, and at her decease is to be equally divided among her children." There is a clause in similar language in respect to the bequests to Hannah D. Tripp.

This language, in my opinion, cuts down the legacies of the plaintiff to a life estate, or the usufructuary interest. There is no doubt that personal property may be bequeathed for life, and then over, either absolutely or contingently.

In the case of *Norris* agt. *Beyea*, (3 *Kern.*, 273,) an executory devise upon a life estate in personal property was sustained, although the gift to the first legatee was express, and only limited by the subsequent contingent bequest. If the devise in that case had been absolute, and not contingent, would the case have been any stronger for the first taker? In *Paterson* agt. *Ellis*, the stress of the case was, as shown by Judge Denio in *Norris* agt. *Beyea*, that the executory devise was void, because it was upon an indefinite failure of issues. There was also in that case, what is the material point in a number of the cases, an absolute power of disposing of the fund given to the legatee. This was the distinguishing feature of *Flanders* agt. *Clark*, (3 *Atk.*, 509,) where Lord Hardwicke said that the power of disposing and spending the whole made the limitation one void. But he said, if it were not for this, the limitation being to issue living at the death of the first taker, he would sustain the devise and confirm the first legatee to an usufructuary interest. In the case of *Drake* agt. *Robinson*, decided by this court, there was an absolute bequest, with nothing to limit it but a direction to invest. On the other hand, in *Norris* agt. *Beyea*, although there was an express gift to Isabella Beyea, directed to be paid six months after the testator's death, yet as there was a valid contingent devise engrafted upon this, the court of appeals held that this limitation was not void for repugnancy, and that the first taker was only entitled to the use of the fund.

If the case rested upon a gift to the plaintiff, and at her death to be equally divided among her heirs, there would be at any rate a different question. But as I read the will, it is a bequest to the plaintiff for life expressly, and then to her children equally. The word heirs is not used, and there can be no question that children in such a connection in a gift of personal estate is a word of purchase and not of limitation. (*See Jarman on Wills*, vol. 2, 315 ; 1 *Dru. & W.*, 107 ; 2 *Sim.*, 485 ; 5 *Sim.*, 458.) It does not appear

whether this legatee has children. The inference from the will is that she has. If so, I see no doubt that they take as purchasers at the death of their mother.

There is no repugnancy in the clauses of this will and codicil, fairly interpreted, and I cannot see any way to throw aside all the clauses of the will, except the first sentence relating to the plaintiff, in order to hold that she is absolutely entitled to this fund.

There must, therefore, be judgment for the defendants. The case is a fair one for costs out of the fund, if they can be given without interfering with the rights of other legatees who are not interested in the present question. The question of costs is reserved for consideration upon settling the judgment.